STEVE S. EFRON
ATTORNEY AT LAW
237 WEST 35TH STREET · SUITE 1502
NEW YORK, NEW YORK 10001

OF COUNSEL
RENEE L. CYR

TEL. (212) 867-1067
FAX. (212) 682-5958
SSEFRON@AOL.COM

February 8, 2023

Hon. Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

        Re: <u>Martin v. Metropolitan Transportation Authority</u>
           22-cv-03740 (DG)(SJB)

Dear Judge Gujarati:

    Defendants, Metropolitan Transportation Authority ("MTA") and MTA Police Officers Gabriella Marino and Gianfranco Soriente, submit this motion for an order scheduling a pre-motion conference in anticipation of their motion for an order dismissing, pursuant to Rule 12(b)(6), plaintiff's second amended complaint ("SAC") in substantial part.

    The case arises out of plaintiff's arrest on charges of driving while intoxicated and while ability impaired (NY Vehicle & Traffic Law §§ 1192.03 and 1192.01) following a collision between her vehicle and an MTA police vehicle, being driven by Officer Marino, shortly after midnight on September 14, 2021. Contending that she was arrested without probable cause and maliciously prosecuted in violation of her constitutional rights, plaintiff asserts causes of action under 42 U.S.C. §§ 1981, 1983 and 1985.

**Rule 12(b)(6) Standard**

    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 555 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citation omitted).

**42 U.S.C. § 1981**

    Plaintiff, who is African-American, SAC ¶ 11, alleges that in violation of § 1981 "[t]he arrest and prosecution of the plaintiff was racially motivated in that MTA Officers Marino and Soriente [who are Caucasian] lacked probable cause to arrest the plaintiff for driving while intoxicated or driving while impaired." SAC ¶ 58; see also ¶ 107 (racial profiling in violation of § 1981). A general assertion of that nature, however, is patently inadequate to sustain a § 1981 claim at the pleading stage. <u>D.W.M. v. St. Mary School</u>, 2019 U.S. Dist. LEXIS 145583, at *16 (E.D.N.Y. Aug. 27, 2019 ("Naked assertions...that race was a motivating factor – without a fact specific allegation of a causal link between a defendant's conduct and the plaintiff's race – are too conclusory to allege a § 1981 violation")(internal quotation marks omitted).

    Plaintiff alleges that "other white officers descended on the scene," and she "became

concerned about her personal safety as she was surrounded by multiple white police officers in the early morning hours on a desolate street in this predominantly African American neighborhood." SAC ¶ 19. When transported to a hospital and placed in a bed, plaintiff "was surrounded by ten white officers creating fear and intimidation." SAC ¶ 22. Plaintiff proceeds to recite studies, surveys and polling to substantiate her claim that black communities are "over-policed and over-profiled," SAC ¶ 44, and that the "findings demonstrate compelling evidence that race is always a negative factor held against African Americans when they encounter the police." SAC ¶ 51. What is completely missing from the complaint, however, is any evidence that this encounter, between plaintiff and Officers Marino and Soriente, was motivated by race. As District Court Judge Bianco, now Circuit Court Judge, stated in Coggins v. County of Nassau, 254 F. Supp.3d 500, 513-14 (E.D.N.Y. 2017):

> Here...plaintiff has failed to adduce any evidence that the conduct of the officers was racially motivated. He has not identified anything in the record to suggest that similarly situated suspects of another race were treated differently, nor has he highlighted any testimony that defendants made racially suggestive comments at any time during his arrest or prosecution. Instead...the only evidence of racial animus is plaintiff's belief that the arrest was racially motivated. This, however, is insufficient as a matter of law to establish a Section 1981 claim.

Id. (internal citations omitted); see also Hardin v. Meridien Foods, 2001 U.S. Dist. LEXIS 15564, at *26 (S.D.N.Y. Sept. 27, 2001)("In order to bring a § 1981 claim against a police officer, the plaintiff must present some form of evidence that the arrest was racially motivated").

## 42 U.S.C. § 1983 MONELL CLAIM

Plaintiff's effort to plead a viable Monell claim against the MTA, SAC ¶ 86 et seq., fails. She recites purported deficiencies in the procedures and practices of the MTA Police Department in general and conclusory terms, without even minimal factual support. Plaintiff charges that the MTA Police Department "systematically failed to identify the improper abuse, misuse, corrupt acts by the MTA police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision, and/or restraint." SAC ¶ 87. She also asserts, again without any factual foundation, that the MTA Police Department "fails to address the clear racial disparities in traffic accidents and arrests" and "has done nothing to combat the systematic bias implanted in the way in which policing is done." SAC ¶ 88. None of the allegations made in support of plaintiff's Monell claim is sufficient to withstand a 12(b)(6) motion. See Accarino v. Monroe, 2020 U.S. Dist. LEXIS 231108, at *5 (D. Conn. Dec. 9, 2020) ("Plaintiffs fail to plead facts that plausibly indicate that this incident represents anything other than the independent actions of the officers"); Smith v. City of New York, 2016 U.S. Dist. LEXIS 118281, at *16 (S.D.N.Y. Sept. 1, 2016)("These conclusory and vague assertions are insufficient to state a *Monell* claim against the City as they include no allegations of fact tending to support, at least circumstantially, an inference of an official policy or custom")(internal quotation marks omitted); Williams v. City of New York, 2015 U.S. Dist. LEXIS 94895, at *16-17 (S.D.N.Y. July 21, 2015)("district courts in this Circuit have, since Iqbal, routinely dismissed generalized complaints of policies, customs, failure to train, and deliberate indifference")(internal quotation marks omitted).

Even if the allegations are determined to have sufficient factual substance to permit an inference that one or more of the failings identified by plaintiff rose to the level of an official policy, custom or practice, plaintiff makes no factual showing that the purported lawless conduct which plaintiff ascribes to Officers Marino and Soriente was caused in any degree by such an MTA Police Department policy, custom or practice. This is an essential element of a Monell

claim, and plaintiff's failure to allege any facts to support a causal connection is fatal. Jackson v. Nassau County, 552 F. Supp.3d 350, 377 (E.D.N.Y. 2021)("For a Monell claim to survive a motion to dismiss, a plaintiff must allege sufficient factual detail and not mere boilerplate allegations that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy")(internal quotation marks omitted).

**42 U.S.C. § 1985(3)**

Plaintiff newly raises a cause of action under § 1985(3), SAC ¶ 112, which makes it unlawful to enter into a conspiracy for the purpose of depriving any person or class of persons of the equal protection of the law. "The conspiracy must be motivated by racial animus." Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 1999). This cause of action must be dismissed, accordingly, for the same reasons that require dismissal of plaintiff's § 1981 cause of action.

Having already been granted leave to file first and second amended complaints, granting plaintiff leave to file yet another amended complaint would be futile. Plaintiff should be required to defend her second amended complaint in opposition to a Rule 12(b)(6) motion. Defendants therefore request that their application for a pre-motion conference be granted.

                                                    Respectfully yours,

                                                    _____/s/_____
                                                    Steve S. Efron